## RAILWAY APPLIANCES CO. v. MUNROE.

(Circuit Court of Appeals, Seventh Circuit. August 11, 1906.)

### No. 1,259.

**PATENTS—VALIDITY AND INFRINGEMENT—CAR STARTER.**

The Ripberger patent, No. 493,736, for a car starter, while it covers an improvement only on the prior art by a new combination of old elements, was not anticipated, and discloses invention. Also *held* infringed.

Appeal from Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

For opinion below, see 145 Fed. 646.

Thomas A. Banning and Samuel W. Banning, for appellant.

Frank T. Brown, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and QUARLES, District Judge.

QUARLES, District Judge. The bill in equity in this case was based upon United States letters-patent 493,736, granted to Ripberger March 21, 1893, and was in the usual form, praying for an injunction

and accounting. The answer denies patentable novelty and invention, and sets up anticipations in the prior art, citing several references. Infringement is also denied.

The single claim of the patent in suit reads as follows:

"The combination in a car starter of the lever, A, having a wedge-shaped toe, B, a pair of jaws, D D', slotted vertically at d d' and pivoted to each other by a single bolt, E and a pin, C that traverses said toe, B, and slots, d d' and descends within said slots when said lever is depressed, all as herein described and for the purposes stated."

The alleged invention is described by the appellee as follows:

"Ripberger devised a combination in which a lever is fulcrummed or pivoted between the upper ends of a pair of jaws by a transverse bolt which latter is arranged to slide in vertical slots in these jaws, and shaped as a wedge for throwing them apart, and in which the jaws themselves are in turn pivoted together at a lower point by a longitudinal pivot, or pivot at right angles to the first-named pivot."

The Circuit Court condensed the definition as follows:

"Whatever there is of novelty in complainant's device must consist of the use of the lower longitudinal bolt, holding the lower limbs of the clamping jaws in fixed relation to each other when not in use, in combination with a lever handle, pivoted on a separate pivot at right angles thereto, and acting as a wedge."

Car starters of several forms had been constructed and patented before the patent in suit was issued. It was a common expedient to employ a pair of jaws to clamp the rail and serve as a fulcrum for the lever, and such lever had more than once been employed as a wedge to actuate the jaws. It is frankly conceded by appellee that all the elements with which Ripberger dealt were old in the art. This conclusion is amply verified by the references and drawings appearing in the record.

Underhill, No. 255,054, presented a structure which disclosed nearly all the elements of the patent in suit; but there was a serious structural defect in the method in which he pivoted the jaws. The bolt or pivot was inserted transversely, so that all the strain from the wedging process was brought to bear upon the head or nut of the bolt. It was to be expected that the nut would be torn off and the threads stripped by the action of the jaws. Besides, the structure was heavy and cumbersome.

Stone, No. 259,598, revealed a complicated and expensive structure, but he had the jaws pivoted on a longitudinal pivot, obviating the mechanical objections that applied to the Underhill device.

Wheeler, No. 135,187, had the jaws of the patent in suit, but the pivot upon which the jaws acted was subject to the same objection as in the structure of Underhill. Wheeler rejected the lever entirely, and had no wedge-shaped toe. His device was operated upon an entirely different principle, namely, the wheel and axle principle.

Ripberger made a judicious selection of elements from these earlier structures, and succeeded in producing a new combination and in constructing an improved device which was less heavy and cumbersome, and more practicable than anything that preceded it in the art. He

appears to have made no use of his invention for 13 years, which may indicate that railway employés still cling to the use of the crowbar, with such make-shift fulcrum as may be at hand, rather than to stop and hunt up any improved device. Theoretically, at least, the patent in suit presents a new combination which, though narrow when considered as an improvement, rests on something more than mere mechanical skill. The defendant's expert while upon the stand, was constrained to make the following admission: "I should say that it [Ripberger] would be likely to be a more satisfactory device in practice than any one of them." The chief excellence of the Ripberger structure lies in the fact that he has one pivot for the jaws and another for the lever, both of which are so adapted that the nut or head of such bolts is not subjected to the strain in the wedging process, which arrangement admits of better control of the jaws and should prove otherwise advantageous in actual operation. We find no earlier device that anticipates Ripberger's conception. We therefore agree with the conclusion of the Circuit Court, that the Ripberger combination discloses novelty and invention sufficient to sustain a patent.

Infringement was conceded in the Circuit Court by the counsel for defendant, and such fact was recited in the opinion of the circuit judge. This understanding was adhered to in the preparation of printed briefs on both sides. Appellee having submitted the case on briefs in this court, counsel for appellant on the oral argument called attention to an alleged distinguishing feature of the defendant's structure, which he claimed relieved it from infringement. It was urged that Ripberger had committed himself by his claim and specifications to a vertical slot, while in the defendant's device the slot was not vertical but oblique, and that such construction conferred a manifest advantage in practical operation. We have carefully considered the briefs of counsel which were submitted on this point after the oral argument by leave of the court. We cannot agree with the contention of the appellant on the merits. Even if his proposition were sound from a mechanical standpoint, we should hesitate to entertain the same at this time in view of the history of the case, which shows that this defense had been expressly and deliberately waived by counsel.

For these reasons the judgment of the Circuit Court is affirmed.